The applicant in this case was imprisoned at the suit of Moore's executor: Dickens had obtained a judgment against him, but had not charged him in execution, before he surrendered his estate and took the oath of insolvency. Dickens, therefore, stood in the same situation with creditors who had not recovered judgments. In both clauses of the act of 1773, ch. 4, where the debtor is wholly insolvent, or intends to deliver up his effects to his creditors under a petition to Court, notice is directed to be given to the creditor at whose suit he is imprisoned; and this for the double purpose of enabling the creditor to appear and contest the fact of the debtor's insolvency, and shewing the amount of property he is entitled to, in case the debtor shall surrender his estate. No notice is directed to be given to creditors generally; they cannot be bound by a proceeding to which they are not parties. It might be (108) their object to wait with the debtor until his circumstances would grow better; and they ought not to be injured by others who might think proper to proceed against him. Dickens not having charged the debtor in execution, it was not necessary to give him notice; it was only necessary to give notice to the creditor at whose suit the debtor was confined. Where the oath of insolvency is taken, the insolvent is discharged from the debts sued for, and for which he was imprisoned. The act does not declare that he shall be discharged from any more; and where he surrenders his property, the act declares "that the person of such debtor so discharged, shall never be arrested for the same debt; but the judgment shall be held to be fully satisfied" — This clearly means the debt for which he was imprisoned. It is true, after the debtor is discharged and Commissioners are appointed, the creditors generally are to be notified to come in: but nothing is said about their debts being discharged, after receiving their proportion of the money for which the debtor's property was sold: and if the case of the applicant depended altogether upon this act of the General Assembly, I should feel myself bound to give judgment against him. But the 39th section of the Constitution of this State declares, "that the person of a debtor, where there is not a strong presumption *Page 87 
of fraud, shall not be confined in prison after delivering up, bonafide, all his estate real and personal, for the use of his creditors in such manner as shall hereafter be regulated by law." It is true, that since the adoption of the Constitution, no law has been passed by the Legislature on the subject; but by an act passed in 1778, ch. 5, the Legislature have enforced all the acts of Assembly in force before the adoption of the Constitution, provided they were not inconsistent with that instrument: and it is believed that the act of 1773, ch. 4, amongst others, was thereby enforced. It has certainly been in use; for debtors have not been released from imprisonment, otherwise than as pointed our in that act. The applicant, having delivered up his property for the use of his creditors and taken the oath (109) of insolvency, ought not to be confined under Dickens' execution. Let the supersedeas which has been granted in this case be continued.
Cited: Jordan v. James, 10 N.C. 116; S. v. Manuel, 20 N.C. 153;Williams v. Floyd, 27 N.C. 660; Griffin, v. Simmons, 50 N.C. 147.
 Overruled (in part): Crain v. Long, 14 N.C. 371. (110)